UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO MUNGUIA, | Case No. CV 08-0759-JVS (JTL) |
| Petitioner, | MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | |
| A. HEDGPETH, Warden, | |
| Respondent. | |

On February 5, 2008, Mauricio Munguia ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254. On May 8, 2008, A. Hedgpeth ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the Petition should be dismissed because the third claim alleged therein is unexhausted. Petitioner did not file an Opposition to the Motion to Dismiss.

This matter is now ready for decision.

**BACKGROUND**

On December 9, 2004, a Los Angeles County jury convicted Petitioner of second degree robbery (Cal. Penal Code § 211) and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). The jury further found true the allegations that Petitioner personally and

principally used a firearm in the commission of the robbery (Cal. Penal Code § 12022.53(b), (e)(1)) and that the offense was committed for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)(1)(C)).  On January 13, 2005, the trial court sentenced Petitioner to state prison for a term of twenty-five (25) years.  (See Petition at 3; Respondent's Lodgment No. 1).

Petitioner appealed his conviction to the California Court of Appeal.  On March 21, 2006, the court of appeal affirmed Petitioner's conviction.[1]  (Respondent's Lodgment No. 2).  Petitioner then filed a petition for review in the California Supreme Court.  (Respondent's Lodgment No. 4).  On July 19, 2006, the California Supreme Court denied review "without prejudice to any relief in which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law."  (Respondent's Lodgment No. 5).

Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal.[2]  (Respondent's Lodgment No. 6).  The court of appeal denied the habeas petition on August 6, 2007. (Respondent's Lodgment No. 7).  Petitioner sought review of the court of appeal's denial of habeas relief in the California Supreme Court.  (Respondent's Lodgment No. 8).  The California Supreme Court denied the petition for review on October 24, 2007.  (Respondent's Lodgment No. 9).

Petitioner then filed the instant Petition.

**PETITIONER'S CLAIMS**

1.      The evidence was insufficient to support the gang enhancement allegations and additional punishment for mere gang membership violates the First Amendment right to

---

[1] On April 14, 2006, the court of appeal ordered certain modifications to the opinion. (Respondent's Lodgment No. 3).

[2] In the Petition, Petitioner states that he filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which was denied on July 19, 2006. (Petition at 4-5). Respondent notes, however, that he found no such habeas petition in Petitioner's superior court case file. (Motion to Dismiss at 3 n.2).

freedom of association and the Fourteenth Amendment right to due process.

2. The trial court's refusal to bifurcate the gang enhancement allegations from the trial on the underlying charges denied Petitioner his fundamental right to a fair trial and due process.

3. There was insufficient evidence of witness intimidation, and the trial court violated Petitioner's rights to confront all witnesses against him and due process by failing to hold a hearing pursuant to Evidence Code Section 402 before ruling on the admissibility of the witness intimidation testimony.

4. Trial counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel because trial counsel merely showed up at Petitioner's trial, minimally cross-examined witnesses and rarely objected to improper evidence submitted by the prosecution.

5. The trial court violated Petitioner's right to a jury trial by imposing an aggravated prison term based on factors not found true beyond a reasonable doubt by a jury.

**DISCUSSION**

Respondent contends that the Petition should be dismissed because Claim Three is unexhausted. (Motion to Dismiss at 4-7). As discussed below, the Court agrees.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights. Id. at 365. A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See id. at 366.

Unless the state expressly waives the exhaustion requirement, a federal court cannot grant a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to each and every claim contained in the petition. 28 U.S.C. § 2254(b); Reutter v.

Crandel, 109 F.3d 575, 578 (9th Cir. 1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal); Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Ct., 107 F.3d 756, 760 (9th Cir. 1997). Thus, a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice. See Rose v. Lundy, 455 U.S. at 510, 522; see also Castile v. Peoples, 489 U.S. 346, 349 (1989). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting Brown v. Mass, 11 F.3d 914, 915 (9th Cir. 1993)).

The Ninth Circuit has recognized that, for purposes of exhaustion, pro se habeas petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (citing Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000))).

In Claim Three, which Petitioner labeled as "Insufficient evidence - witness intimidation," Petitioner states:

> By permitting the hearsay evidence without having a hearing pursuant to evidence code section 402. Before ruling on the admissibility of the witness intimidation testimony, violates petitioner's 6th amendment right to confront all witnesses who testified against him. And 14th amendment (due process).

(Petition at 7). The Court construes Claim Three as alleging that there was insufficient evidence of witness intimidation, and the trial court violated Petitioner's rights to confront all witnesses against him and due process by failing to hold a hearing pursuant to Evidence Code Section 402 before ruling on the admissibility of the witness intimidation testimony.

Respondent contends that Claim Three is unexhausted. (Motion to Dismiss at 6-7). The

Court concurs that this claim is unexhausted. Petitioner did not raise a claim of insufficient evidence of witness intimidation in either his petition for review to the California Supreme Court on direct appeal, or his petition for review of the California Court of Appeal's denial of his habeas petition. (See Respondent's Lodgment Nos. 4, 8). In both petitions for review to the California Supreme Court, Petitioner did assert a claim that the trial court prejudicially erred when it allowed the prosecutor to admit evidence of alleged threats to the victim and that the victim believed that the robbers were gang members. (See Respondent's Lodgment No. 4 at 18-27; Respondent's Lodgment No. 8 at 18-28). Under this claim, Petitioner argued, in part, that the trial court should have held a hearing pursuant to Rule 402 before ruling on the admissibility of the witness intimidation testimony. (See Respondent's Lodgment No. 4 at 20-22; Respondent's Lodgment No. 8 at 21-23). Although Petitioner argued that the witness intimidation testimony constituted hearsay, the trial court erroneously admitted the testimony under the state of mind exception to the hearsay rule, and the trial court's admission of this hearsay evidence violated Petitioner's Sixth Amendment right to confront witnesses against him (see Respondent's Lodgment No. 4 at 22-27; Respondent's Lodgment No. 8 at 23-28), Petitioner did not argue, as he does in the instant Petition, that the trial court's failure to hold a hearing pursuant to Evidence Code Section 402, itself, violated his right of confrontation or due process. Accordingly, the Court finds that Claim Three is unexhausted.

## ORDER

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the Petition is **DISMISSED WITH LEAVE TO AMEND**. Petitioner may pursue one of the following options:

(1) First, Petitioner may, within twenty-one (21) days of the date of this Order, inform the Court that he elects to abandon his unexhausted Claim Three and pursue this action solely on the basis of his exhausted claims, by filing a First Amended Petition on the approved Central District habeas form that deletes the unexhausted Claim Three. See James v. Giles, 221 F.3d

1074, 1077 (9th Cir. 2000). The clerk is directed to provide Petitioner with a blank Petition for Writ of Habeas Corpus Form approved by the Central District for this purpose.

The Court cautions Petitioner that by filing a First Amended Petition in which he abandons his unexhausted Claim Three, Petitioner would risk forfeiture of the deleted claim. If Petitioner later exhausts the deleted claim and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction may be precluded as successive under 28 U.S.C. Section 2244(a)-(b) or as untimely by the statute of limitations under 28 U.S.C. Section 2244(d).[3]

(2) Second, Petitioner may, within twenty-one (21) days from the date of this Order, file a motion requesting that the Court stay the instant Petition. Should he elect to do so, Petitioner must file a Motion to Stay Petition. Additionally, in light of Rhines v. Weber, 544 U.S. 269 (2005), Petitioner should set forth in the motion whether "good cause" exists for Petitioner's failure to exhaust his currently unexhausted Claim Three and whether Petitioner has been diligent in pursuing relief. The Court will then determine whether a stay and abeyance

---

[3] All habeas petitions challenging a state court conviction are subject to AEDPA's one-year statute of limitations. The one-year statute of limitations is "statutorily tolled" under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, "properly filed" refers to the requirements for filing, not the requirements for obtaining relief. See Tillema v. Long, 253 F.3d 494, 499 (9th Cir. 2001) (applying Artuz v. Bennett, 531 U.S. 4 (2000)). The limitation period "is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." Tillema, 253 F.3d at 502. An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). The statute of limitations is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Statutory tolling also does not apply during the pendency of a prior federal habeas petition. See Duncan, 533 U.S. at 181-82.

Further, the Ninth Circuit permits equitable tolling of the statute limitations period only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.), cert. denied, 526 U.S. 1060 (1999) (petitioner's mental incompetence rendered him unable to assist counsel). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

procedure is available to Petitioner. If the Court grants Petitioner's Motion to Stay Petition, Petitioner may then return to state court and exhaust his currently unexhausted Claim Three. Thereafter, the Petition will be stayed for thirty (30) days following entry of a final judgment by the California Supreme Court on Petitioner's new state petition.

Once the California Supreme Court has decided Petitioner's new state habeas petition, Petitioner may then file a Motion to Amend the instant Petition to add the newly exhausted Claim Three. The Court admonishes Petitioner that he may not raise any newly exhausted claims that were not raised in his original Petition in any future amended federal habeas petition; if Petitioner raises claims that he failed to raise in his original Petition, the statute of limitations may bar the new claims.[4]

(3) Finally, Petitioner may elect to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims. If Petitioner elects to return to state court for this purpose, Petitioner may, within twenty-one (21) days of the date of this Order, inform the Court that he wishes to voluntarily dismiss the entire Petition without prejudice by filing a Notice of Intent to Voluntarily Dismiss Petition.

The Court, however, admonishes Petitioner that any new petition would be subject to the statute of limitations in 28 U.S.C. Section 2244(d).[5] Although 28 U.S.C. Section 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review," the limitations period would not be tolled during the pendency of the instant federal Petition. Duncan, 533 U.S. at 176-78. Thus, if Petitioner elects to dismiss the Petition and return to state court, any new federal petition may be barred by the one-year statute of limitations unless Petitioner can establish adequate grounds for equitable or statutory tolling. Accordingly, if Petitioner intends to elect this option, the Court shall prepare a Report and Recommendation for the District Court stating that Petitioner has elected to

---

[4] See supra n.3.

[5] See supra n.3.

1 dismiss the Petition without prejudice.  See Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).

2   The Court cautions Petitioner that his failure to timely respond to this Order may result
3 in a recommendation that the action be dismissed without prejudice for failure to exhaust state
4 remedies and failure to prosecute.

5 DATED: June19, 2008

/s/
_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE